IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHRISTOPHER M. LANIER                                                                                  PLAINTIFF

VERSUS                                                              CIVIL ACTION NO. 1:11mc34-LG-RHW

DEPARTMENT OF DEFENSE                                                                          DEFENDANT

**ORDER**

Before the Court are [1] the motion of Christopher M. Lanier to quash a government subpoena seeking Lanier's bank records, [4] the Department of Defense's (DoD) motion to dismiss the motion to quash, and [10] Lanier's response to the motion to dismiss.  Following review of all motion pleadings, memoranda and applicable law, the Court finds the motion to quash should be denied, and the motion to dismiss the motion to quash, granted.

Pursuant to 12 U.S.C. § 3405, and in furtherance of an investigation by the Air Force Office of Special Investigations, the DoD issued an administrative subpoena to JP Morgan Chase Bank for production of records[1] of a specifically identified account held by Christopher M. Lanier, a member of the U.S. Air Force Reserve.  In keeping with the requirements of § 3405(2), a copy of the subpoena was mailed to Lanier the same day it was issued, January 5, 2011, along with instructions and forms for challenging the subpoena should he so desire.  A bank customer seeking to challenge issuance of such a subpoena must file his motion to quash within ten days of service or within fourteen days of mailing of the subpoena, in this case by January 19, 2011.  12 U.S.C. § 3410(a).

---

[1]The subpoena calls for monthly statements sent to the account holder, correspondence with the account holder, deposit records, withdrawal records, wire transfer records, records of ATM transactions, and of debit and credit card transactions, copies of checks written on the account and/or deposited into the account, records reflecting account ownership during the stated period (1/1/2006-10/31/2010), and loans and loan applications. [3-2, p. 2]

Lanier filed his motion to quash on January 26, 2011, claiming the records sought are irrelevant to the investigation of allegations that Lanier fraudulently claimed/received payments of Family Separation Allowance and per diem from January 2006 until October 2010. Lanier contends the government already possesses records of payments to him of Family Separation Allowance and per diem, that his JP Morgan Chase Bank account was not used to receive direct deposits from the military, and that the DoD is merely conducting a fishing expedition into his financial affairs.

The DoD responded on February 4, 2011, with [4] a motion to dismiss Lanier's motion to quash on grounds that Lanier's motion was not filed by January 19, 2011 as required by 12 U.S.C. § 3410(a). The DoD's motion is also accompanied by the affidavit of Special Agent Heidi N. Matthews, USAF Office of Special Investigations, which details how Lanier's bank records are relevant to its investigation of Lanier.

The Court finds the DoD complied with the provisions of the Right to Financial Privacy Act (RFPA), 12 U.S.C. §§ 3401, *et seq.*, and finds, based on the Matthews affidavit, that "there is a demonstrable reason to believe that the law enforcement inquiry underlying the issuance of the subpoena is legitimate and a reasonable belief that the financial records at issue are relevant to that law enforcement inquiry." 12 U.S.C. § 3410(c). The investigation is not limited to whether Lanier applied for/received the benefits in question, but extends to whether he submitted false information in order to obtain those benefits. Even Lanier concedes this is a legitimate law enforcement inquiry. [10, p. 5] As to the relevancy of the records,

> For purposes of an administrative subpoena, the notion of relevancy is a broad one. *Equal Employment Opportunity Commission v. Elrod,* 674 F.2d 601, 613 (7th Cir.1982). An agency "can investigate merely on the suspicion that the law is being violated, or even just because it wants assurance that it is not." *Morton Salt,* 338 U.S. at 642, 70 S.Ct. at 363, 94 L.Ed. at 410. So long as the material

requested " 'touches a matter under investigation,' " an administrative subpoena will survive a challenge that the material is not relevant. *Elrod,* 674 F.2d at 613 (quoting *Motorola v. McLain,* 484 F.2d 1339, 1345 (7th Cir.1973), *cert. denied,* 416 U.S. 936, 94 S.Ct. 1935, 40 L.Ed.2d 287 (1974)).

*Sandsend Financial Consultants, Ltd. v. Federal Home Loan Bank Board*, 878 F.2d 875, 882 (5th Cir. 1989). Under this authority, and based on the affidavit of Agent Matthews, the Court finds Lanier's bank records are relevant to the investigation, and might well assist in establishing a time line for Lanier's activities. It is therefore,

**ORDERED**, that the motion to dismiss Lanier's motion to quash is granted, and Lanier's motion to quash is denied.

**SO ORDERED** this the 29th day of April, 2011.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE